## O'NEIL v. McLENNAN.

### Sac. No. 1085; August 4, 1903.

73 Pac. 576.

**Appeal—Record.—In the Absence of a Bill of Exceptions and** statement in the record, the contentions that the court never duly appointed a receiver and did not acquire jurisdiction to order a sale cannot be considered.

**Appeal—Judgment-roll.—Orders, Stipulations and an Oath and** account of a receiver in the transcript, not being authenticated, cannot be considered on appeal, being no part of the judgment-roll.

**Appeal—Record.—Complaint cannot be Made on Appeal that** the court made no disposition of a demurrer, the record not showing it was presented to the court.

APPEAL from Superior Court, Madera County; W. M. Conley, Judge.

Action by Timothy O'Neil against Alexander McLennan. From the judgment defendant appeals. Affirmed.

H. M. Owens and W. M. Gibson (T. C. West of counsel) for appellant; Robert L. Hargrave for respondent.

COOPER, C.—This action was brought to dissolve the partnership existing between the plaintiff and the defendant, to have a receiver appointed, the partnership property sold, and the debts paid. On the eighteenth day of November, 1901, after trial, the court found the allegations of the complaint to be true, made its decree dissolving the partnership, and settling the accounts of the copartners and the account of the receiver. This appeal is from the judgment. It is not claimed that the judgment is not the legal conclusion from the facts found, nor is it claimed that the findings are not supported by the evidence. The sole errors relied upon are, that the court never duly appointed the receiver in the action, that it did not acquire jurisdiction to order the sale of a certain leasehold interest, and that no disposition was ever made of defendant's demurrer to the complaint. As to the first two propositions, there is no bill of exceptions and no statement in the record, and therefore we cannot say as to the correctness of the contentions of de-

fendants. We must presume in favor of the regularity of the proceedings of the lower court. If there was a receiver, we must presume that he was regularly appointed, took the proper oath, and gave the proper bond. If a leasehold interest was sold, we must presume that the proper proceedings were taken for the order of sale. The burden is upon the party who claims error to show it affirmatively. In the transcript there is printed what purports to be certain orders, stipulations, oath of receiver, and receiver's account, but they are in no way authenticated, and we cannot consider them. They are no part of the judgment-roll (Code Civ. Proc., sec. 670), and hence cannot be considered (Esert v. Glock, 137 Cal. 533, 70 Pac. 479). There is printed in the transcript a demurrer of defendant, "filed June 15, 1900," but there is nothing to show that it was ever served upon plaintiff or called to the attention of the court. We must presume that it was abandoned by defendant. A copy of an order made on demurrer is a part of the judgment-roll. Here there is no copy of such order. We are told in defendant's brief that no disposition was made of the demurrer by the court. If this be true, it must be shown by defendant that he presented it, or in some way called the court's attention to it. A party will not be allowed to file a demurrer, and print it in the transcript, and claim here that it was error for the court not to pass upon it, unless he shows that he presented it.

The judgment should be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.